**TOM PETRUS & MILLER LLLC**

RICHARD B. MILLER                    3729-0
rmiller@tpm-hawaii.com
Tel (808) 792-5855
DAVID R. HARADA-STONE                6229-0
dharada-stone@tpm-hawaii.com
Tel (808) 792-5800
IAN A. NISHI                         9829-0
inishi@tpm-hawaii.com
Tel (808) 792-5813
ASHLEY R. SHIBUYA                    10200-0
ashibuya@tpm-hawaii.com
Tel (808) 792-5804
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii  96813
Telephone: (808) 792-5800
Facsimile:  (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,<br><br>    Plaintiff,<br> vs.<br><br>IONATANA ALUALU,<br><br>    Defendant. | CIVIL NO. 16-00039 LEK-KJM<br>(Declaratory Judgment)<br><br>FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANT IONATANA ALUALU; CERTIFICATE OF SERVICE |

HEARING
Date:        October 17, 2016
Time:        10:00 a.m.
Judge:       Hon. Kenneth J.
             Mansfield

FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE
FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT
JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
<u>AGAINST DEFENDANT IONATANA ALUALU</u>

Before this Court is Plaintiff STATE FARM FIRE AND CASUALTY

COMPANY's ("State Farm") Motion for Default Judgment or, in the Alternative,

for Summary Judgment.  Said Motion came on for hearing on October 17, 2016 at

10:00 a.m., with Ashley R. Shibuya appearing on behalf of State Farm.  Three calls

were made for Defendant IONATANA ALUALU ("Ionatana") with no response.

Upon careful consideration of the Motion, the supporting memoranda, and the

arguments of counsel, the Court hereby finds and recommends that State Farm's

Motion be GRANTED.

I.       <u>BACKGROUND</u>

         The instant declaratory relief action was brought by State Farm so that it

may obtain a judicial determination as to its defense and indemnity obligations, if

any, to Ionatana with respect to the claims asserted against him in the civil action

entitled <u>Kandi Roberts, et al. v Solid Rock Fellowship Assembly of God Church, et</u>

al., Civil No. 12-1-2146-08 RAN, filed in the Circuit Court of the First Circuit,

State of Hawaii (the "Underlying Lawsuit").

A.    The Underlying Lawsuit

On August 27, 2016, Kandi Roberts ("Roberts"), individually and as next

friend of her son, Isaiah M. Roberts ("Isaiah"), filed a first amended complaint

against Ionatana as well as against the Solid Rock Fellowship Assembly of God

Church (the "Church") dba Rock Solid Football Outreach and/or Rock Solid

Crusaders Football Outreach; Taavao Alualu ("Taavao"), the president and owner

of the Rock Solid Crusaders football team and Ionatana's brother; Hawaii State

Junior Prep Sports Association, which consisted of 25 football teams, including the

Rock Solid Crusaders; and Robert Faleafine, the owner and commissioner of the

Hawaii State Junior Prep Sports Association.  ECF No. 18, at Exh. A.

The Underlying Lawsuit alleges that Taavao hired Ionatana as an assistant

coach for the Rock Solid Crusaders football team, which was owned, managed,

and sponsored by the Church, despite knowing of Ionatana's criminal history and

propensity for violent behavior.  Id.

In support of Roberts' claims against Ionatana, the Underlying Lawsuit

alleges that on or about April 25, 2012, during a youth football game at the

Leilehua High School football field, Ionatana became so enraged at Isaiah that he

rushed onto the field and hit, shoved, and/or struck Isaiah so hard that he became

3

airborne and subsequently slammed his head on the ground.  Id.  The Underlying

Lawsuit claims that Ionatana's assault horrified everyone at the football game,

including Roberts, as well as caused Isaiah to suffer severe and debilitating

injuries.  Id.

The Underlying Lawsuit alleges four causes of action against Ionatana:  (1)

negligence, (2) gross negligence, (3) negligent infliction of emotional distress, and

(4) intentional infliction of emotional distress.  Id.  The Underlying Lawsuit prays

for special and general damages, punitive and/or exemplary damages, attorneys'

fees and costs, pre- and post-judgment interest, and other legal and equitable relief.

Id.

Ionatana tendered the defense of the Underlying Lawsuit to State Farm,

which has defended him subject to a reservation of its rights.  ECF No. 18.

B.    Procedural History

On February 1, 2016, State Farm filed its Complaint for Declaratory

Judgment.  ECF No. 1.  On April 16, 2016, the Summons and Complaint were

served on Ionatana by leaving the Summons and Complaint at Ionatana's residence

and/or usual place of abode with Awayna Alualu, a person of suitable age and

discretion who resided at the property.  ECF No. 11.

On June 15, 2016, State Farm filed its Request for Entry of Default against

Ionatana, on the basis that (1) the time within which Ionatana could have answered

or otherwise moved or defended against State Farm's Complaint, as provided in

the Federal Rules of Civil Procedure or any other rule of the court, expired; and (2)

no extension having been granted, Ionatana failed to answer or otherwise move in

accordance with Rule 12 of the Federal Rules of Civil Procedure.  ECF No.14.  On

June 16, 2016, the Clerk of the Court entered default against Ionatana.  Ionatana

has not moved to set aside the Entry of Default against him.  ECF No. 15.

     C.    <u>The State Farm Policy</u>

The Church was issued a State Farm Church Policy, Policy No. 91-BY-

0282-5, which was in force and effect at all times relevant hereto (the "Policy").

ECF No. 18, at Exh. B.  The Policy was written on State Farm Form No. FP-6105

and, as amended by its various endorsements, provided, in relevant part:

> **SECTION II**
> **COMPREHENSIVE**
> **BUSINESS LIABILITY**
>
> **COVERAGE L – BUSINESS LIABILITY**
>
> We will pay those sums that the insured becomes legally
> obligated to pay as damages because of **bodily injury**,
> **property damage**, **personal injury**, or **advertising
> injury** to which this insurance applies….  This insurance
> applies only:
>
>    1.   to **bodily injury** or **property damage** caused by
>        an **occurrence** which takes place in the **coverage
>        territory** during the policy period;
> . . .
> **RIGHT AND DUTY TO DEFEND**

We will have the right and duty to defend any claim or **suit** seeking damages payable under this policy even though the allegations of the **suit** may be groundless, false or fraudulent.  The amount we will pay for damages is limited as described in Limits of Insurance . . .
. . . .

## BUSINESS LIABILITY EXCLUSIONS

Under Coverage L, this insurance does not apply:

   1.   to **bodily injury** or **property damage**:

      a.  expected or intended from the standpoint of the insured; or

      b.  to any person or property which is the result of willful and malicious acts of the insured.

      This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property;
. . .

## SECTION II
## DEFINITIONS

When used in the provisions applicable to Section II of this policy (including endorsements forming a part of this policy):
. . .

  3.  **bodily injury** means **bodily injury**, sickness or disease sustained by a person, including death resulting from the **bodily injury**, sickness or disease at any time;
. . .

  10.  **occurrence** means:

      a.  an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

b. the commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury**.

For purposes of this definition, **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property will be considered an accident[.]

Id.

II.   DISCUSSION

Upon careful consideration of the materials submitted by State Farm, together with the instant Motion, the Court finds that there is no coverage afforded to Ionatana for the claims alleged against him in the Underlying Lawsuit pursuant to the terms and conditions of the subject Policy.  This Court also finds that the Policy does not provide coverage for any punitive damages that may be awarded against Ionatana in the Underlying Lawsuit.  Accordingly, based on State Farm's supporting documentation, which indicates a lack of coverage under the Policy; Ionatana's failure to respond to State Farm's Complaint; and the appropriateness of default judgment after consideration of the factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1991), this Court hereby recommends that default judgment against Ionatana be GRANTED.

A.   There is No Coverage Under the Policy Because the Underlying Lawsuit Does Not Allege an "Occurrence"

The Policy provides coverage for bodily injury caused by an "occurrence,"

which is defined by the Policy, in relevant part, as an "accident."  See ECF No. 18, Exh. B.  The Court finds that the Underlying Lawsuit only describes injuries that were the intended and/or expected result of Ionatana's alleged conduct, and, as such, do not constitute an "occurrence" to which coverage may apply.

In determining whether a claim arises from an "accident" within the coverage of a liability insurance policy, Hawaii courts view the facts underlying the claim objectively, from the standpoint of the insured.  Hawaiian Holiday Macadamia Nut Co., Inc. v. Indus. Indem. Co., 76 Hawai`i 166, 170, 872 P.2d 230, 234 (1994).  Thus, "[I]f the insured did something or ... failed to do something, and the insured's expected result of the act of omission was the injury, then the injury was not caused by an accident and therefore not ... within the coverage of the policy ...."  Id. (internal citation omitted).  Hawaii courts focus solely on the factual allegations in the underlying complaint, and not on the legal theories pled by the plaintiff.  See Dairy Rd. Partners v. Island Ins. Co., Ltd., 92 Hawai`i 398, 417, 992 P.2d 93, 112 (2000).

In this case, and although Roberts has styled some of her claims against Ionatana as sounding in negligence, the alleged facts underlying her claims are based on wholly intentional conduct:  Roberts alleges that Ionatana became so enraged at Isaiah that he rushed over to and then struck Isaiah so hard that the minor purportedly became airborne.  ECF No. 18, at Exh. A.  This Court finds that

the Underlying Lawsuit's allegations of intentional conduct do not describe an "accident," and thus do not constitute an "occurrence" as required to trigger the potential for coverage under the Policy.

B.   Coverage for the Claims in the Underlying Lawsuit is Precluded by the Policy's Exclusion for Bodily Injury Expected or Intended by the Insured

Analogously, the Policy's exclusion for bodily injury expected or intended by the insured also applies to bar coverage.  Not only does the Underlying Lawsuit allege that Ionatana deliberately struck Isaiah, but the alleged physical injuries to Isaiah and the emotional distress to him and his mother are injuries that a reasonable person would expect from the alleged assault.  Id.  This Court therefore finds that allegations in the Underlying Lawsuit fall within the Policy's expected or intended injury exclusion so as to preclude Ionatana from coverage.

C.   There is No Coverage for Punitive Damages

The Underlying Lawsuit prays for punitive damages, which falls outside of the coverage afforded by the Policy.  Under Haw. Rev. Stat. §431:10-240, "Coverage under any policy of insurance issued in [Hawaii] shall not be construed to provide coverage for punitive or exemplary damages unless specifically included."  State Farm's Policy does not specifically include coverage for punitive damages.  ECF No. 18, at Exh. B.  Pursuant to Haw. Rev. Stat. §431:10-240, then, this Court finds that State Farm is not responsible for any punitive damages that

may be awarded against Ionatana in the Underlying Lawsuit.

D.   Default Judgment is Appropriate

The Court finds and recommends that the Motion be granted and that default judgment be entered against Ionatana and in favor of State Farm.

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, default judgment may be entered as follows:

> (1) **By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> >
> > (B) determine the amount of damages;
> >
> > (C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

When determining whether default judgment is appropriate in a particular case, the court, exercising its discretion, may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

Applying the above to the present case, the record shows that the Complaint and Summons in this action were served upon Ionatana on April 16, 2016. ECF No. 11. Ionatana did not answer or otherwise defend against State Farm's Complaint, and the time to do so, as provided by the Federal Rules of Civil Procedure or any other rule of Court, has expired. See ECF No. 14. Entry of Default was entered against Ionatana by the Clerk of the Court on June 16, 2016. ECF No. 15. Ionatana has not moved to set aside the default entered against him and neither opposed State Farm's Motion nor appeared at the hearing for said Motion. See ECF No. 21. Based on Ionatana's default, the allegations in State Farm's Complaint, and the records and files herein, this Court finds that the Eitel factors, cited above, weigh in favor of default judgment against Ionatana.

Accordingly, and because the Policy affords no coverage to Ionatana with respect to the Underlying Lawsuit, default judgment in favor of State Farm and

against Ionatana is appropriate.

III.    <u>CONCLUSION</u>

For the foregoing reasons, this Court FINDS and RECOMMENDS that

Plaintiff State Farm's Motion for Default Judgment or, in the Alternative, for

Summary Judgment against Defendant Ionatana Alualu be GRANTED.

IT IS SO FOUND AND RECOMMENDED

DATED:      Honolulu, Hawaii, November 22, 2016.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

<u>State Farm Fire and Casualty Company v. Ionatana Alualu</u>, Civ. No. 1600039
LEK-KJM; FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF
STATE FARM FIRE AND CASUALTY COMPANNY'S MOTION FOR
DEFAULT JUDGMENT, OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT AGAINST DEFENDANT IONATANA ALUALU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,<br><br>Plaintiff,<br><br>vs.<br><br>IONATANA ALUALU,<br><br>Defendant. | CIVIL NO. 16-00039 LEK-KJM<br>(Declaratory Judgment)<br><br>CERTIFICATE OF SERVICE |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on

the following at her last known addresses by First Class Mail:

IONATANA Alualu
3620 Kalihi Street, Apt A
Honolulu, HI  96819


DATED:    Honolulu, Hawaii, November 15, 2016.


   /s/ Ashley R. Shibuya
RICHARD B. MILLER
DAVID R. HARADA-STONE
IAN A. NISHI
ASHLEY R. SHIBUYA

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY